UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**JAMES CARL HIGGS**                                                                                         **PLAINTIFF**

**v.**                                                                          **CIVIL ACTION NO. 5:19CV-192-TBR**

**BRIDGET DUPUIS** *et al.*                                                                                **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff James Carl Higgs filed the instant *pro se* action proceeding *in forma pauperis*. This matter is now before the Court upon initial review of the amended complaint (DN 15)[1] pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the instant action will be dismissed.

### I. SUMMARY OF ALLEGATIONS

Plaintiff sues the following Defendants: Bridget Dupuis, identified as the Office Manager for Aspen Meadows Apartments; Brenda Powell, the "Administrator, HUD, Section 8, Choice Voucher Program"; Joseph Mink, a technician with ACE Extermination Company; and Aron, whose last name Plaintiff does not know, also employed by ACE Extermination Company.

Where the complaint form asks the filer to state the basis of the Court's jurisdiction, Plaintiff indicates federal question jurisdiction. Where the form asks the filer to list specific federal statutes or constitutional provisions that are at issue in the case, Plaintiff states, "Housing & Urban Development Act (1965) prohibiting discrimination []Pub. L. 89-174; 1968 Civil Rights Act, Rehabilitation Act (1973) Prohibiting Discrimination based disabilities; Section 8, HUD Choice Voucher Pro." Where the form asks the filer to state the amount in controversy

---

[1] By prior Order (DN 8), the Court ordered Plaintiff to file an amended complaint on the Court's approved form and informed him that the amended complaint would supersede the original complaint and any purported amended or supplemental complaints.

related to diversity jurisdiction, Plaintiff states, "Lost of affordable housing under the Section 8 Choice Voucher Programs which paid $355.00 of $500.00 []estimated at 12 x 355 = $4,260. Storage of person property at Parkway Self."

In the statement-of-claim section of the complaint form, Plaintiff states, "Under scrutiny, defendants didn't give reasons for eviction. On or about 23 October 2019, I (Plaintiff) was informed that he was being evicted because of failure to prepare his apartment for extrimination treatment. Numerous corrections was cited." He continues, "Defendant Bridge Dupuis stated that I was to pay for 3 treatments. Later Dupuis informed defendant Brenda Powell that Dupuis wanted me out of my apartment on or before 29 November 2019. Powell later informed me that failure would result in the lost of Choice Voucher Program."

In the relief section, Plaintiff states, "Defendants didn't afford plaintiff a hearing before a nuetral detached body or permit me to challenge reasons for eviction. Defendants were not justified in evicting plaintiff. Documents used to evict were in conflict, manufactored, manipulated resulting fraud. Plaintiff seeks monetary damages of compensation."[2]

## II. STANDARD

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the

---

[2] Plaintiff also wrote "continuing on attached page[,]" but there were no pages attached to the complaint form.

duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III. ANALYSIS

Plaintiff makes reference to discrimination in the complaint form. However, he does not allege facts to support a claim of discrimination. He states that he was evicted and removed from the voucher program because he failed to prepare his apartment for an extermination treatment. A conclusory claim of discrimination, with no factual allegations supporting such a claim, is insufficient to state a claim for relief. *See Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."). Plaintiff does not allege that he was evicted and removed from the voucher program because of his membership in a protected class or even identify of what protected class he is a member. He makes reference to

disability discrimination but does not state what his disability is or state facts to allege that he was evicted and removed from the voucher program because of it. Accordingly, the discrimination claim will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff also alleges that he was denied a hearing to challenge his eviction. To the extent that Plaintiff is challenging the state-court eviction proceedings, under the *Rooker-Feldman* doctrine, a federal court lacks jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Patmon v. Mich. Supreme Court*, 224 F.3d 504, 506-07 (6th Cir. 2000). "A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995). "The doctrine prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision." *Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) (internal quotation marks and citation omitted). Plaintiff cannot seek to undo the outcome of the state court eviction proceeding in this Court.

To the extent that Plaintiff is also alleging that he was denied a hearing to challenge his removal from the voucher program, the Court construes the allegation as a claim for denial of due process under the Fourteenth Amendment. Claims for violations of constitutional rights must be brought under 42 U.S.C. § 1983. *See Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989) ("[I]t is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the

4

plaintiff could have vindicated her constitutional rights."). Section 1983 has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Even if he could establish that each of the Defendants was acting under color of state law, there is no constitutional right to receive rental assistance where it is not mandated by a federal statute or regulation. *Ridgely v. FEMA*, 512 F.3d 727, 736 (5th Cir. 2008). In *Ridgely*, the court held as follows:

> The "mere existence of a governmental program or authority empowered to grant a particular type of benefit to one such as the plaintiff does not give the plaintiff a property right, protected by the due process clause, to receive the benefit, absent some legitimate claim of entitlement--arising from statute, regulation, contract, or the like--to the benefit."

*Id.* at 735 (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 941 (5th Cir. 1995) (emphasis omitted)). Plaintiff cites no statute, regulation, or contractual requirement which establishes that he is entitled to rental assistance from any of the Defendants. Without showing a constitutional right to receive the assistance, he has failed to state a claim under § 1983, and the claims must be dismissed.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the action by separate Order.

Date:

**Thomas B. Russell, Senior Judge**
**United States District Court**

June 2, 2021

cc: Plaintiff, *pro se*
    Defendants
4413.010

5